[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 311.]

THE STATE EX REL. GRISSOM, APPELLEE, *v*. INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Grissom v. Indus. Comm*., 1997-Ohio-369.]

*Workers' compensation—Industrial Commission improperly orders permanent total disability compensation suspended while claimant is incarcerated in a penal institution, when.*

(No. 95-742—Submitted June 11, 1997—Decided July 30, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD02-269.

————————————

{¶ 1} Appellee-claimant, George Grissom, was injured in 1973 in the course of and arising from his employment with Acme Wrecking Company. His workers' compensation claim was allowed by appellant, Industrial Commission of Ohio, and, in 1984, claimant was awarded permanent total disability compensation.

{¶ 2} On January 20, 1988, claimant was incarcerated and the commission suspended permanent total disability compensation as of that date. On December 15, 1993, this court held in *State ex rel. Brown v. Indus. Comm*. (1993), 68 Ohio St.3d 45, 623 N.E.2d 55, that incarceration could not be used to terminate the permanent total disability benefits of a claimant who had been adjudicated as permanently and totally disabled prior to imprisonment. This, in turn, prompted claimant to seek reinstatement of his compensation.

{¶ 3} After receiving no response from the commission, claimant filed a complaint in mandamus in the Court of Appeals for Franklin County. The court ultimately granted the writ, which vacated the commission's order and directed it to issue a new order in compliance with *Brown*.

{¶ 4} This cause is now before this court upon an appeal as of right.

————————————

*Betty D. Montgomery*, Attorney General, and *Diane S. Meftah*, Assistant Attorney General, for appellant.

---

**Per Curiam.**

{¶ 5} The commission does not dispute *Brown*'s applicability. It instead asserts that the criminal activities that led to the claimant's incarceration may be so inconsistent with his allegation of an inability to perform sustained remunerative employment as to warrant further commission investigation. We find that the commission's position lacks merit.

{¶ 6} We acknowledge at the outset that the payment of workers' compensation benefits to an imprisoned claimant is offensive to many. Legislation has since eliminated the ability of more recently injured claimants to receive workers' compensation while jailed. R.C. 4123.54. In this case, however, the unpopularity of claimant's receiving compensation is insufficient to sustain the commission's position.

{¶ 7} The record is very sparse. Claimant was originally charged with drug trafficking, aggravated robbery, and attempted murder. The offenses for which he was convicted are not known, nor are the details of the crime(s). However, even if claimant were convicted of all the aforementioned charges, it does not necessarily follow that claimant's commission of drug trafficking, aggravated robbery, or attempted murder establishes a physical ability to perform sustained remunerative employment.

{¶ 8} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., dissent.

---

**LUNDBERG STRATTON, J., dissenting.**

**{¶ 9}** The majority concedes that the record in this case is sparse and that very little detail is known about the claimant's criminal activities. Yet, given that observation, the majority declines to find that the commission should be entitled to conduct further investigation. Therefore, I must respectfully dissent.

**{¶ 10}** When the claimant brought the fact of his incarceration to the commission's attention seeking reinstatement of his permanent total disability benefits, his criminal record suggested that he was physically able to participate in physical activities, albeit criminal ones, inconsistent with permanent total disability. The commission elected to exercise its continuing jurisdiction over the claim for further investigation as to the extent of claimant's permanent total disability. The commission has continuing jurisdiction over each claim, and it may change or modify its former findings if justified. R.C. 4123.52. Evidence of Grissom's criminal activities was certainly justification for the commission to investigate the status of his disability.

**{¶ 11}** To justify a change or modification of its earlier order of permanent total disability, the commission would be required to produce evidence other than just Grissom's criminal record. Evidence of Grissom's conviction, his incarceration, or his criminal activity, alone, does not warrant a change in his disability status merely to avoid reinstatement of permanent total disability benefits pursuant to *State ex rel. Brown v. Indus. Comm., supra*. As the majority states, even if the claimant committed all the crimes with which he was charged, that alone would not establish that he had the physical ability to work on a sustained basis.

**{¶ 12}** The commission would have to produce evidence that the physical activities involved in his criminal enterprise were inconsistent with permanent total disability. The record below contains insufficient evidence on which to make that conclusion. But it is also mere speculation to assume that the claimant remains permanently and totally disabled. Based on the claimant's conviction, the commission is entitled to investigate further and to seek additional evidence.

**{¶ 13}** The commission had begun the administrative process toward further investigation when the process was stayed by the filing of Grissom's petition for writ of mandamus. The court of appeals should have denied the writ in order to allow the commission to complete its administrative investigation. This court should find that the commission is authorized to exercise its continuing jurisdiction over this claim in order to investigate and seek additional evidence as to the permanent total disability of Grissom. For these reasons, I dissent.

RESNICK, J., concurs in the foregoing dissenting opinion.

_____