[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 540.]

THE STATE EX REL. HUGHES, APPELLEE, *v.* CONRAD, ADMR.; AMCAST INDUSTRIAL CORPORATION, APPELLANT.

[Cite as *State ex rel. Hughes v. Conrad*, 1998-Ohio-297.]

*Workers' compensation—Court of appeals' judgment affirmed.*

(No. 97-2561—Submitted August 19, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD10-1352.

_____

*Koltak & Gibson, L.L.P.*, *Ronald J. Koltak* and *Peter J. Gibson*, for appellee.

*Bricker & Eckler, L.L.P., Charles D. Smith* and *Matthew J. Arnold*, for appellant.

_____

{¶ 1} The judgment of the court of appeals is affirmed consistent with the opinion of the court of appeals.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I would issue a limited writ ordering the Industrial Commission to reconsider its 1991 order and the claimant's eligibility for permanent total disability ("PTD") benefits in light of evidence that the claimant was employed during his incarceration.

{¶ 3} The 1991 order suspended the claimant's PTD benefits, pursuant to a 1986 amendment to R.C. 4123.54, based on his incarceration. However, at the time of the hearing in 1991, the record contained an interoffice communication to the warden in the institution where the claimant was incarcerated, dated June 25, 1991,

stating that the claimant had been employed in the institution since December 1987. The commission failed to acknowledge this evidence in its order.

{¶ 4} Although this court subsequently found in *State ex rel. Brown v. Indus. Comm.* (1993), 68 Ohio St.3d 45, 623 N.E.2d 55, that the suspension of PTD benefits on the basis of incarceration alone was contrary to law where the injury predated the 1986 amendment to R.C. 4123.54, it does not follow, if there is evidence that the claimant is employed while incarcerated, that the PTD award cannot be suspended or terminated on that basis. There is justification for a change or modification of a prior PTD finding if there is evidence produced, subsequent to the original PTD finding, that the claimant is capable of sustained remunerative employment. Here, I believe that the fact of incarceration is irrelevant if the evidence supports a finding that the claimant is presently employed and, therefore, capable of sustained remunerative employment.

{¶ 5} Therefore, I would order the commission to rehear the employer's motion to suspend PTD benefits, and to investigate and seek additional evidence, if necessary, as to the permanent total disability of Hughes. The commission should determine whether Hughes's activities as a clerk in the institution constitute a sufficient change of circumstances to modify the original finding of PTD. See *State ex rel. Grissom v. Indus. Comm.* (1997), 79 Ohio St.3d 311, 312-313, 681 N.E.2d 434, 435-436 (Lundberg Stratton, J., dissenting).

COOK, J., concurs in the foregoing dissenting opinion.

———————————